RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-13-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUL 13 P 12: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| RODNEY G. SMITH, EXECUTIVE DIRECTOR of the TEAMSTERS UNION 25 HEALTH SERVICES AND INSURANCE PLAN,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SCIBILIO,<br><br>Defendant. | Civil Action No.<br><br>04-11560WGY<br><br>MAGISTRATE JUDGE Collings |

## COMPLAINT

### Jurisdiction and Venue

1. Plaintiff invokes the jurisdiction of this Court pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3) (hereinafter, "ERISA"), and federal common law, 28 U.S.C. §1331.

2. Venue is proper in this District Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because, inter alia, the relevant employee welfare benefit plan is administered in this District, because the Court has jurisdiction over the parties, and pursuant to 28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

### Parties

3. Rodney G. Smith (hereinafter, "Plaintiff") is the Executive Director of the Teamsters Union 25 Health Services and Insurance Plan (hereinafter, " the Plan"). He is a fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and he is authorized to bring this action on behalf of the Plan.

4.  The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1), and is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Plan is administered by Trustees in accordance with LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5), and exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts 02129.

5.  Anthony Scibilio (hereinafter, "Defendant") is an individual residing at 299 Thicket Street in Weymouth, Massachusetts, 02190.

### Facts

6.  Throughout all times relevant herein, the Defendant was a participant in the Local 25 Health Services and Insurance Plan and was eligible for benefits in accordance with the terms of the Plan's governing plan documents.

7.  As the result of a non-work related temporary disability, the Defendant received weekly disability benefits from the Plan

8.  The Plan paid the Defendant weekly disability benefits in the total amount of $443.00 per week from February 6, 2003 through April 30, 2003.

9.  The Plan's governing plan documents provide that if the Plan extends disability benefits to participant, such participant must immediately notify the Plan of the date he returned to work. A true copy of the excerpt from the Plan's governing plan documents concerning the "Weekly Disability Benefit" is attached hereto as Exhibit 1.

2

10. The Plan's governing plan documents provides that it will take all steps necessary to recover any disability benefit that it mistakenly paid to a participant due to late or improper notification of a participant's return to work.

11. Despite receiving disability benefits for the time period between February 6, 2003 and April 30, 2003, the Defendant returned to work on April 1, 2003.

12. The Defendant failed to notify the Plan that he had returned to work on April 1, 2003.

13. The Defendant received wages for work performed from April 1, 2003 through April 30, 2003, as well as weekly disability benefits from the Plan.

14. As a result of the Defendant's failure to notify the Plan that he had returned to work on April 1, 2003, the Plan mistakenly overpaid weekly disability benefits to the Defendant in the amount of $ 1,898.58.

15. By letters dated June 4, 2003 and June 18, 2003, the Plan demanded that the Defendant repay the Plan for weekly disability benefits received by the Defendant for weeks after he had returned to work. True copies of the Plan's June 4, 2003 and June 18, 2003 letters are attached hereto as Exhibit 2 and 3 respectively.

16. The Defendant has failed or refused to repay the Plan for the overpayment of weekly disability benefits.

## COUNT I

### (Enforcement of Plan's terms)

17. The Plaintiff reavers every allegation contained in paragraphs 1 through 16 herein.

18. The Defendant violated the terms of the Plan by failing to notify the Plan that he returned to work on April 1, 2003.

19. The Defendant violated the terms of the Plan by accepting and failing to repay the Plan the disability payments he received after he returned to work on April 1, 2001.

20. The Plaintiff is entitled to enforce the Plan pursuant to ERSIA § 502(a)(3), 29 U.S.C. § 1132 (a)(3).

## COUNT II

### (Reimbursement for Mistaken Payment)

21. Plaintiff reavers every allegation contained in paragraphs 1 through 20 herein.

22. The Plaintiff paid the Defendant's weekly disability benefits from April 1, 2003 through April 30, 2003 due to a mistake of fact, to wit: that the Defendant was temporarily disabled and had not returned to work.

23. The Defendant failed to notify that Plan that he had returned to work on April 1, 2003.

24. At the time when the weekly disability benefits for April 1, 2003 through April 30, 2003 were paid to the Defendant, the Plan was not aware that the Defendant had returned to work on April 1, 2003 and was no longer disabled.

25. The Defendant knew or should have known that he could not continue to accept and receive disability benefits after he returned to work.

26. Plaintiff is entitled to reimbursement of disability payments paid to the Defendand due to a mistake of fact.

## COUNT III

### (Unjust Enrichment)

27. Plaintiff reavers every allegation contained in paragraphs 1 through 26 herein.

28. The Defendant knew or should have known that he could not accept weekly disability benefits at the same time that he was receiving wages for working.

29. Defendant wrongfully continued to accept payment for disability benefits after he had returned to work and was thus receiving benefits to which he was not entitled.

30. By failing to reimburse the Plan for monies paid, the Defendant has unjustly enriched himself at the expense of the Plan and its participants and beneficiaries.

31. This Court should enforce the Plan's rights by ordering that Plaintiff disgorge payments he improperly received.

**WHEREFORE**, the Plaintiff prays the Court to grant him the following:

(a) A judgment in favor of Rodney G. Smith, as Executive Director of the Teamsters Union 25 Health Services and Insurance Plan, and against Anthony Scibilio;

(b) An order obligating Anthony Scibilio to pay the Plan in the amount of $ 1,898.58;

(c) Attorneys' fees and costs; and

(d) Any such other relief as the Court finds appropriate.

For the Plaintiff,
**RODNEY G. SMITH, EXECUTIVE DIRECTOR of the TEAMSTERS UNION 25 HEALTH SERVICES AND INSURANCE PLAN**
By his attorneys,

_____
Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy & Facklam, P.C.
One Center Plaza; Suite 360
Boston, MA 02108-1804
(617) 723-9777

Date: _____
f:\l25hsip\scibilio\pldg\complaint.doc:blgv

6

**JS 44**
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services and Insurance Plan

## DEFENDANTS
Anthony Scibilio

FILED IN CLERKS OFFICE

2004 JUL 13 P 12: 15

U.S. DISTRICT COURT DISTRICT OF MASS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Matthew E. Dwyer, Kathleen A. Pennini
Dwyer, Duddy and Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

ATTORNEYS (IF KNOWN)

**04-11560WGY**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. § 1132(a)(3)    equitable restitution for overpayment of benefits

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
    Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
1898.58

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: July 7 2004

SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services and Insurance Plan v. Anthony Scibilio

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

    **04-11560WGY**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                        YES       (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                        YES       (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                        YES       NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                        YES       (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                        (YES)     NO

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        (EASTERN DIVISION)       CENTRAL DIVISION       WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION         CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Matthew E. Dwyer amd Kathleen A. Pennini
ADDRESS One Center Plaza, Suite 360, Boston MA 02108
TELEPHONE NO. (617) 723-9777

(Cover sheet local.wpd - 11/27/00)